A. B. MURRAY COMPANY, INC., Plaintiff, *v.* LIDGERWOOD MANU-FACTURING COMPANY, Defendant.

Supreme Court, New York County, June 28, 1928.

Sales — storage charge — plaintiff recovered judgment, under Pers. Prop. Law, § 144, subd. 3, for purchase price of merchandise which defendant agreed to buy, but refused to accept — merchandise could not readily be resold at reasonable price and plaintiff notified defendant it would hold merchandise as bailee of defendant — plaintiff is entitled to recover reasonable charge for care and custody of merchandise.

Plaintiff having recovered a judgment, under subdivision 3 of section 144 of the Personal Property Law, for the purchase price of merchandise which defendant agreed to buy but refused to accept, is entitled to a reasonable charge for the care and custody of the merchandise, where the articles could not readily be resold at a reasonable price, having been specially cut for the purpose of filling defendant's order; plaintiff commenced its original action a few days after it notified defendant that it would hold the merchandise as bailee of defendant so that plaintiff was virtually compelled to store and care for the goods, and for that reason it should be compensated for the loss.

ACTION by seller to recover reasonable charge for the care and custody of merchandise.

*Parsons, Closson & McIlvaine* [*Tompkins McIlvaine* of counsel], for the plaintiff.

*Thomas J. Blake,* for the defendant.

FRANKENTHALER, J.  In a prior action between these very parties plaintiff recovered a judgment for the price of the merchandise which it had agreed to sell defendant.  That suit was brought under subdivision 3 of section 144 of the Personal Property Law (added by Laws of 1911, chap. 571, as amd. by Laws of 1925, chap. 560), which permits an action for the price, although title has not passed, where the goods cannot readily be resold for a reasonable price.  In accordance with the requirements of that subdivision plaintiff had offered delivery to defendant, and on the latter's refusal to accept it had notified defendant that the goods were thereafter held by plaintiff as bailee for defendant.  By stipulation of counsel plaintiff's claim for the reasonable charges for the care and custody of the merchandise while it held the same as bailee for defendant was stricken from the complaint in the previous litigation.  This was done pursuant to an agreement that the claim could be made the subject of a separate suit and that no objection would be made because of the fact that it was not asserted in the action for the price.  It was also agreed that the claim for the storage and incidental charges was not to be tried until the action for the price had been finally determined.  Plaintiff now seeks to recover the reasonable charge for the care and custody of the merchandise, and the only question presented on the agreed statement of facts is whether its action is maintainable.  There is a strange dearth of authority on the point not only in our own State but also in other jurisdictions.  We may, however, look for guidance to Williston on Sales, where the following statement is to be found (Vol. 2 [2d ed.], 1391, 1392): " It seems, however, impossible to assent to the principle that a seller who rightfully retains goods belonging to the buyer, as bailee for him, is not entitled to the necessary reasonable expense of keeping the goods.  It may well be that a seller, under such circumstances, should not be allowed to keep the goods indefinitely and charge up the expense of keeping them against a buyer who has repudiated or totally failed to keep his obligation; but the expense necessary to keep the goods until it becomes clear that the buyer will not take them, *and until the seller is enabled to resell the goods to reasonable advantage, seems clear.*" (Italics mine.)  In the instant case the articles which were the subject-matter of the contract of sale could not readily be resold at a reasonable price.  They had been specially cut for the purpose of filling defendant's order.  That was the very basis of plaintiff's

recovery in the action for the price. Indeed plaintiff disposed of such of the goods as it could during the pendency of that suit in accordance with a stipulation between the parties which provided that they "should endeavor to dispose of such of the tubes as they could." Under the circumstances the plaintiff was virtually compelled to store and care for the goods by reason of the defendant's refusal to accept them, and it should accordingly be compensated for the loss suffered as a result of defendant's wrong. It is to be noted that plaintiff commenced its original action only a few days after it notified defendant that it would hold the merchandise as bailee for the latter. The subsequent increment in the storage charges was due to delays which cannot be said to be the fault of the plaintiff. A verdict is, therefore, directed for the plaintiff for $8,347.52, with interest to June 28, 1928, amounting to $2,068.38, making a total of $10,415.90.